UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CATREESA BOOKMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-814-B |
| | § | |
| AIDS ARMS, INC. and GARY SMITH, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant AIDS Arms, Inc.'s Motion to Dismiss for Failure to State a Claim, filed on April 9, 2014. Doc. 6. For the reasons stated below, the Motion is **GRANTED in part** and **DENIED in part**.

## I.

## BACKGROUND[1]

Plaintiff Catreesa Bookman ("Bookman") is an individual who worked for Defendant AIDS Arms, Inc. ("AIDS Arms") from August 2011 until the summer of 2013. Doc. 1, Orig. Compl. ¶¶ 9, 25. Defendant AIDS Arms, Inc. ("AIDS Arms") is a Texas Corporation. *Id.* ¶ 3. Defendant Gary Smith ("Smith") is an individual who was employed by AIDS Arms at the same time as Bookman. *Id.* ¶¶ 4, 15.

---

[1] The Court draws its factual account from the allegations contained in Plaintiff's Original Complaint (doc. 1), as well as from the attachments and documents incorporated therein by reference. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

- 1 -

On March 4, 2014, Bookman filed a complaint with this Court against AIDS Arms and Smith, alleging various federal and state claims. Doc. 1., Orig. Compl. Against AIDS Arms, Bookman asserts claims for sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001 *et seq.* (*id.* ¶¶ 26–30), intentional infliction of emotional distress (*id.* ¶ 33), negligent supervision (*id.* ¶ 34), and retaliation (*id.* ¶ 35). Against Smith, Bookman asserts claims for assault and battery. *Id.* ¶ 32. She alleges that over the course of her employment with AIDS Arms, she was subjected to inappropriate behavior by her supervisors and coworkers, including Smith. *Id.* ¶¶ 9, 11. Her factual allegations include a catalog of workplace incidents, some sexual in nature and others not, that Bookman characterizes as "outrageous." *Id.* ¶¶ 10–17. They include: witnessing "employees and supervisors watching pornography and participating in several sex toy parties during work hours" (*id.* ¶ 10), being shown photographs of a nude male (*id.* ¶ 12), being "told by a supervisor that her screen saver 'looks like a woman sucking dick'" (*id.* ¶ 14), being inappropriately touched by Smith on several occasions (*id.* ¶¶ 15, 32), hearing "derogatory comments regarding [her] decision to vote for President Obama" (*id.* ¶ 13), witnessing an employee stealing from clients, being threatened that the tires of her car would be slashed if she were to report the incident, and subsequently having her tires slashed (*id.* ¶ 16), and witnessing "co-workers and supervisors drinking alcohol and smoking marijuana during normal business hours" (*id.* ¶ 17). Bookman was allegedly terminated shortly after reporting these incidents to management and human resources. *Id.* ¶ 19.

Neither Defendant filed an answer, but AIDS Arms has independently filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Doc. 6. Of the four claims against it, AIDS Arms moves to dismiss Bookman's claims for sexual harassment, intentional infliction of emotional

distress, and negligent supervision. Doc. 6, Mot. to Dismiss 1. AIDS Arms does not to seek dismissal of Bookman's claim for retaliation. *Id.*[2] Bookman has not filed a response in opposition to AIDS Arms's Motion, and the time to do so has expired. Therefore, the Motion is now ripe for the Court's review.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[2] AIDS Arms's Motion to Dismiss states that "Plaintiff's claims against AIDS Arms for sexual harassment under Title VII and the Texas Labors (sic) Code, intentional infliction of emotional distress, and negligent supervision and training should be dismissed with prejudice."

statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

## III.

## ANALYSIS

AIDS Arms seeks dismissal of Bookman's claims for sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001 *et seq.* ("TCHRA"), intentional infliction of emotional distress, and negligent supervision and training. The Court reviews the arguments for each allegation, in turn, below.

A.   *The Allegations of Sexual Harassment*

The Court first considers Bookman's allegation that AIDS Arms engaged in sexual harassment in violation of Title VII and the TCHRA. In her Complaint, Bookman asserts that AIDS Arms, by and through its agents, intentionally discriminated against her based on her sex in connection with the compensation, terms, conditions, and privileges of employment. Orig. Compl. ¶¶ 26–27. She maintains that because she is a female, AIDS Arms limited, segregated, and classified

her in a manner that would deprive her of employment opportunity or adversely affect her status. *Id.* ¶ 27. She further contends that she was subjected to sexual harassment and that AIDS Arms "knew or should have known of the harassment, yet failed to take prompt remedial action." *Id.* ¶ 29. Specifically, Bookman describes incidents in which "employees and supervisors watch[ed] pornography and participat[ed] in several sex toy parties during work hours" (*id.* ¶ 10), a supervisor showed her a photograph of a nude male (*id.* ¶ 12), and a supervisor commented "that her screen saver 'looks like a woman sucking dick'" (*id.* ¶ 14). Bookman additionally states that she has been assaulted and inappropriately touched by Smith at the workplace; she describes "an incident in which he rubbed his genitals on her buttocks" (*id.* ¶ 15) and other occasions on which he pulled her hair while inquiring about her nationality (*id.* ¶ 32) and "grabbed her arm and pulled her closer to him" (*id.*). Bookman explains that she "brought these incidents to the attention of management and human resources" (*id.* ¶ 18), but that she was "terminated shortly after she began to document these incidents and after [she] notified management" (*id.* ¶ 19).

In response, AIDS Arms contends that Bookman's allegations "are insufficient to establish a claim of sexual harassment because they do not rise to the legally required level of severity." Mot. to Dismiss 4. AIDS Arms argues that the facts asserted are not severe enough to describe a hostile work environment, and that they do not demonstrate that Bookman was subjected to unwelcome sexual harassment, that such harassment was based on sex, or that it affected the conditions of her employment. *Id.* at 6.

Under Title VII, it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ." 42 U.S.C. § 2000e-2(a)(1). Similarly, under

the TCHRA, "[a]n employer commits an unlawful employment practice if because of . . . sex . . . the employer discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment." Tex. Lab. Code § 21.051(1). The Court will consider Bookman's Title VII and TCHRA claims together because the TCHRA is intended to mirror federal legislation. *Id.* § 21.001(1). Consequently, federal precedent is authoritative in interpreting the TCHRA. *Kummerle v. EMJ Corp.*, No. 3:11-CV-2839-D, 2012 WL 2995065, at *2 (N.D. Tex. July 23, 2012) (quoting *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 n.2 (5th Cir. 1999)); *NME Hosps., Inc. V. Rennels*, 994 S.W.2d 142, 144 (Tex. 1999) (citing *Schroeder v. Texas*, 813 S.W.2d 483, 485 (Tex. 1991)).

A plaintiff may establish a Title VII violation "by proving that discrimination based on sex has created a hostile or abusive work environment." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986). To establish a sexual harassment claim based on a hostile work environment, the employee must show: (1) that she belongs to a protected class; (2) that she was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; (4) that the harassment affected a "term, condition, or privilege" of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt remedial action. *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999). If the employee alleges that a supervisor with immediate or higher authority over the employee engaged in sexual harassment, the employee is only required to satisfy the first four elements of the test. *Id.*

To be actionable under Title VII, the conduct must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002) (quoting *Harris v. Forklift Sys., Inc.*, 510

U.S. 17, 21 (1993)); *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 330 (5th Cir. 2009). Courts determine whether an environment is sufficiently abusive to be actionable under Title VII by reviewing all of the relevant circumstances, "including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with the employee's work performance." *Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 874 (5th Cir. 1999) (citing *Harris*, 510 U.S. at 23); *Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88 (1998). The challenged conduct must be objectively offensive, meaning that a reasonable person would find the conduct hostile or abusive, as well as subjectively offensive, meaning that the victim actually perceived the conduct to be hostile or abusive. *Shepherd*, 168 F.3d at 874 (citing *Harris*, 510 U.S. at 21–22). Incidental or occasional sexual comments, discourtesy, rudeness, or isolated incidents (unless extremely serious) are not discriminatory changes in the terms and conditions of a worker's employment. *Faragher*, 524 U.S. at 788.

In support of its argument that Bookman does not allege conduct that is severe enough to constitute sexual harassment, AIDS Arms lists cases describing "egregious conduct" that nonetheless was deemed "not severe enough to establish a hostile work environment." Mot. to Dismiss 4; *see Shepherd*, 168 F.3d 871; *Gibson v. Potter*, 264 Fed. App'x 397, 398 (5th Cir. 2008); *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 328 (5th Cir. 2004); *Derouen v. Carquest Auto Parts, Inc.*, 275 F.3d 42 (5th Cir. 2001); *Van Pfullman v. Tex. Dep't of Transp.*, 24 F. Supp. 2d 707, 712 (W.D. Tex. 1998); *Mumphrey v. Tex. College*, No. 2:05-CV-413, 2007 WL 162818 (E.D. Tex. Jan. 23, 2007); *Jones v. Seago Manor Nursing Home*, No. 3:01-CV-2406-AH, 2002 WL 31051027 (N. D. Tex. Sept. 11, 2002). These cases, though referenced so as to downplay the severity of AIDS Arms's conduct, involve the denial of plaintiffs' sexual harassment claims on motions for summary judgment

and on motions for judgment as a matter of law during trial; they do not address the issue of whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face," as is the standard when evaluating a motion to dismiss. *Twombly*, 550 U.S. at 570. The Court notes that AIDS Arms has moved to dismiss the claim and has not moved for summary judgment; the Court therefore must accept as true all well-pleaded allegations and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (quoting *Martin K. Eby Constr. Co.*, 369 F.3d at 467). While not all facts alleged in Bookman's Complaint may ultimately support a sexual harassment claim, the Court has not been moved to make such a determination and therefore "cannot state without a doubt that proof of these facts would not entitle [Bookman] to relief." *See Galloway v. Matagorda Cnty, Tex.*, 35 F. Supp. 2d 952, 956 (S.D. Tex. 1999) (denying defendant's motion to dismiss plaintiff's sexual harassment claim and finding that plaintiff's allegation of seven incidents of sexual comments and advances support a claim for sexual harassment); *see also Matthews v. High Island Indep. Sch. Dist.*, 991 F. Supp. 840, 845 (S.D. Tex. 1998) (finding that plaintiff's allegations of highly offensive and repeated comments of a sexual nature at the workplace were sufficient to survive defendants' motion to dismiss); *Garza v. Univision, Inc.*, No. Civ.A. 3:04CV1905-K, 2005 WL 1107374, at *1–2 (N.D. Tex. May 6, 2005) (denying defendant's motion to dismiss based on allegations that its employee made sexual advances to plaintiff, kissed her, rubbed her back, and caressed her hair).

The Court finds that Bookman's allegations, taken as true, are sufficient to state a claim upon which relief can be granted. First, Bookman is a woman, and is therefore a member of a protected class. *Watts*, 170 F.3d at 509. Second, Bookman has alleged that she was subject to unwelcome verbal and physical conduct of a sexual nature. *Id.* Though not all incidents in the Complaint are

sexual in nature or directed at Bookman on account of her sex, Bookman has described Smith's assaultive behavior and inappropriate touching with details significant enough to support a reasonable inference of sexual harassment. Orig. Compl. ¶ 15. Third, AIDS Arms's employees' behavior was occasioned by the fact that Bookman is a woman. *See Jones v. Flagship Int'l*, 793 F.2d 714, 720 n.5 (5th Cir. 1986) (noting that "except in the . . . atypical case of a bisexual supervisor, it should be clear that sexual harassment is discrimination based upon sex."). Fourth, such inappropriate touching at the workplace, which is significantly more severe than rude or sexual comments, affected a "term, condition, or privilege" of employment which was both objectively offensive as well as subjectively offensive to Bookman. *Watts*, 170 F.3d at 509; Orig. Compl. ¶¶ 22–23. Fifth, Bookman demonstrated that her employer knew or should have known of the harassment and failed to take prompt remedial action; the Complaint alleges that she informed management and human resources of the offensive conduct. *Watts*, 170 F.3d at 509. After management became aware of the incidents, Bookman was terminated, and no remedial measure was taken against those allegedly engaged in the offensive conduct. Orig. Compl. ¶¶ 18–19.

In sum, Bookman has alleged facts that, if taken as true, would establish a valid claim upon which relief can be granted. Accordingly, the Court **DENIES** AIDS Arms's Motion to Dismiss Bookman's sexual harassment claim.[3]

---

[3] AIDS Arms further argues that Bookman's "non-sex based harassment claims should be dismissed." Mot. to Dismiss 6. AIDS Arms refers to certain *allegations*, rather than distinct causes of action, that underlie Bookman's sexual harassment claim. These allegations include an incident in which a supervisor made derogatory comments regarding Bookman's decision to vote for President Obama, Bookman's witnessing of an employee taking money from a patient and subsequently threatening her that her tires would be slashed if she were to report the incident, and Bookman's witnessing of employees and supervisors drinking alcohol and smoking marijuana. *Id.* at 6–7. The Court does not consider these allegations, finding that Bookman's allegations regarding AIDS Arms's employees' sexual conduct independently provide sufficient basis for her sexual harassment claim.

C.   *The Allegations of Intentional Infliction of Emotional Distress*

The Court next considers Bookman's allegation that AIDS Arms's actions constitute intentional infliction of emotional distress (IIED). In her Complaint, Bookman maintains that AIDS Arms "intentionally or recklessly created a severely hostile work environment." Orig. Compl. ¶ 33. She further contends that AIDS Arms's opposition to her receiving unemployment benefits, while allowing other terminated employees to pursue such benefits, "was extreme and outrageous and proximately caused [her] severe emotional distress." *Id.* In its Motion to Dismiss, AIDS Arms claims that Bookman's IIED claim is barred because such a cause of action "is not available to an employee who complains of sexual harassment." Mot. to Dismiss 8. AIDS Arms further argues that Bookman's allegations do not describe conduct that is sufficiently "extreme and outrageous" to qualify as IIED. *Id.* at 9.

To prevail on a claim for IIED under Texas law, a plaintiff must prove that: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe. *MacArthur v. Univ. of Tex. Health Ctr. at Tyler*, 45 F.3d 890, 898 (5th Cir. 1995); *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993) (citing the Restatement (Second) of Torts § 46 (1965)). For conduct to be "outrageous" enough to support a claim for IIED, it must be "so extreme in degree[] as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Twyman*, 855 S.W.2d at 621 (quoting Restatement (Second) of Torts § 46 cmt. d).

However, the cause of action for IIED is a "gap-filler" that is not "intended to supplant or duplicate existing statutory or common-law remedies." *Creditwatch, Inc. v. Jackson,* 157 S.W.3d 814,

- 10 -

816 (Tex. 2005). As a result, even if the defendant's conduct is outrageous enough to satisfy the IIED standard, a plaintiff cannot prevail if the "gravamen of [the] complaint is really another tort." *Hoffmann-LaRoche Inc. v. Zeltwanger,* 144 S.W.3d 438, 447 (Tex. 2004). Therefore, IIED may be employed "for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Id.* An IIED claim cannot be maintained if it is aimed at addressing the same type of wrong that a statutory remedy was designed to cover. *Id.* at 448. "Consequently, when a plaintiff alleges a claim for [IIED] based generally on the same facts as her Title VII claim, the former is preempted." *Brandon v. Life Care Ctrs. of Am., Inc.*, No. Civ.A. H-05-4013, 2006 WL 581798, at *2 (S.D. Tex. March 8, 2006) (citing *Stewart v. Houston Lighting & Power Co.*, 998 F. Supp. 746, 757 (S.D. Tex. 1998)).

Because the gravamen of Bookman's IIED claim is the conduct alleged in support of her claim for sexual harassment, the IIED claim is precluded as a matter of law. In her Complaint, Bookman emphasizes the extent to which AIDS Arms's actions were "extreme and outrageous," but she does not distinguish between the conduct that forms the basis for her sexual harassment claim and that which supports her IIED claim. Orig. Compl. ¶ 33. In addition to the conduct underlying both her sexual harassment and IIED claims, Bookman specifically notes that AIDS Arms "objected to [her] receiving unemployment benefits" while allowing other terminated employees to pursue such benefits. *Id.* This allegation, though lacking sufficient details to state a claim upon which relief can be granted, similarly relates to a claim for discrimination based on sex; it therefore could not form an independent basis for IIED even if it had been supported by sufficient factual allegations. As a result, Bookman's IIED claim is duplicative of her claim for sexual harassment and cannot

persist regardless of whether her claim for sexual harassment survives AIDS Arms's Motion to Dismiss. *See Hoffmann-La Roche*, 144 S.W.3d at 448 ("If the gravamen of a plaintiff's complaint is the type of wrong that the statutory remedy was meant to cover, a plaintiff cannot maintain an intentional infliction claim regardless of whether he or she succeeds on, or even makes, a statutory claim.").

In light of the fact that the IIED claim is based on the same allegations as those offered in support of the sexual harassment claim, the Court finds the IIED claim invalid. It therefore need not address AIDS Arms's alternative argument that Bookman's IIED claim should be dismissed because the conduct she alleges does not rise to the level of "extreme and outrageous" conduct as a matter of law. *See Sauceda v. Bank of Tex., N.A.*, 2005 WL 578474, at *3 (N.D. Tex. March 9, 2005). Accordingly, the Court **GRANTS** AIDS Arms's Motion to Dismiss Bookman's claim for intentional infliction of emotional distress.

D.   *The Allegations of Negligent Supervision and Training*

The Court turns to the issue of Bookman's claim for negligent supervision and training against AIDS Arms. In her Complaint, Bookman alleges that AIDS Arms "did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether Gary Smith was unfit, incompetent, or a danger to third parties." Orig. Compl. ¶ 34. Bookman asserts that she suffered damages as a result of AIDS Arms's "failure to exercise reasonable care in the supervision and training of Gary Smith." *Id.* In response, AIDS Arms maintains that Bookman is barred from asserting a claim for negligent supervision and training because she has also stated a claim for sexual harassment under the TCHRA. Mot. to Dismiss 7.

AIDS Arms directs the Court to the Texas Supreme Court's decision in *Waffle House, Inc. v. Williams*, which explained that the TCHRA preempts an employee's common law negligent supervision claim where such claim arises from conduct that would be actionable as sexual harassment under the TCHRA. 313 S.W.3d 796, 813 (Tex. 2010). Finding that a claim for sexual harassment under the TCHRA "encompasses a unique set of substantive rules and procedures," which a plaintiff would circumvent if allowed to bring a claim for negligent supervision, the Texas Supreme Court held that "the TCHRA is the exclusive remedy for workplace sexual harassment." *Id.* at 801–02, 804–07. Therefore, to determine whether to dismiss a claim for negligent supervision, courts must assess whether the negligent supervision claim "is based on or involves the same conduct that underlies [a] claim for sexual harassment under the TCHRA." *Mosley v. Wal-Mart Stores Tex. LLC*, No. 3:10-CV-2305-L, 2011 WL 2893086, at *4 (N.D. Tex. July 20, 2011) (finding that plaintiff's negligent retention allegation failed to state a claim upon which relief could be granted because it was based on the same conduct as that supporting her sexual harassment claim).

Taking Bookman's factual allegations regarding AIDS Arms's supervision of its employee Smith as true, the Court determines that this conduct is the same as that which underlies her claim for sexual harassment under the TCHRA. Bookman asserts her claim for negligent supervision by stating that AIDS Arms's actions—described earlier in her Complaint and incorporated by reference into the section alleging negligent supervision—"constituted negligent supervision and training." Orig. Compl. ¶ 34. Bookman does not allege any facts in addition to those discussed in her claim for sexual harassment, but rather explains that AIDS Arms "knew or should have known that Gary Smith was unfit and could foresee that [he] would come in contact with [her]." *Id.* She further notes that this conduct proximately caused her damage. *Id.*

Though such assertions trace the elements of a cause of action for negligence, they are nonetheless grounded on the same conduct used to bring the claim for sexual harassment. Accordingly, the Court finds that Bookman has failed to state a claim upon which relief can be granted. The Court therefore **GRANTS** AIDS Arms's Motion to Dismiss Bookman's claim for negligent supervision and training.

## IV.

## CONCLUSION

For the reasons stated above, AIDS Arms's Motion to Dismiss (doc. 6), is hereby **DENIED** with respect to the claim for sexual harassment and **GRANTED** with respect to the claims for intentional infliction of emotional distress and negligent supervision and training. Ordinarily, courts afford a plaintiff the opportunity to overcome pleading deficiencies, unless it appears that the defects are incurable. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d. 305, 329 (5th Cir. 2002) ("district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"); *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (stating that "a court ordinarily should not dismiss the complaint except after affording every opportunity for the plaintiff to state a claim upon which relief can be granted") (internal alterations omitted). Since this Order is the Court's first review of Bookman's allegations, the Court concludes that Bookman should be given the opportunity to overcome the deficiencies in her pleadings.

If Bookman is able to replead and address the grounds for dismissal stated herein, she should do so within thirty (30) days of the date of this Order. Further, any repleading shall be accompanied by a synopsis of no more than ten (10) pages, explaining how the amendments overcome the grounds for dismissal stated in this Order. Should Bookman replead, AIDS Arms is hereby granted leave to file a response to Bookman's amended pleadings. Any response shall not exceed ten (10) pages and must be filed within fourteen (14) calendar days of the repleading. No further briefing will be permitted.

**SO ORDERED.**

**SIGNED:** October 3, 2014.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE